**A. P. BOYETT, Sr., et al., Appellants,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts, et al., Appellees.**

**No. 11837.**

Court of Civil Appeals of Texas, Austin.

April 28, 1971.

Motions for Rehearing Denied May 26, 1971.

Patman & Patman, Philip F. Patman, Austin, James H. Dozier, College Station, Baker & Botts, Frank G. Harmon, S.· Byron Balbach, Jr., Houston, for appellants.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis and W. O. Shultz, Asst. Attys. Gen., Austin, for appellees.

SHANNON, Justice.

This is an appeal from a declaratory judgment action filed by plaintiffs A. P. Boyett and other residents of College Station seeking a construction of Section 33, Article XVI of the Constitution of Texas, Vernon's Ann.St. The Comptroller of the State of Texas was named defendant as well as six employees of Texas A & M University, who were concurrently serving as the elected mayor and city councilmen of College Station. Boyett sought a construction of that constitutional provision as not authorizing the Comptroller to pay the salaries of the six Texas A & M employees so long as they were serving concurrently as elected councilmen.

In this opinion the plaintiffs will be termed "Boyett," the defendant Texas A & M University employees as "defendant employees," the City of College Station as "City," and Robert S. Calvert, as "Comp-

troller." Section 33 of Article XVI of the Texas Constitution will be referred to as "Section 33."

Judgment was entered declaring that Section 33 does not violate the First and Fourteenth Amendments to the United States Constitution, and that Section 33 prohibits the Comptroller from drawing a warrant upon the Treasury in favor of the defendants so long as each serves in the elective office of mayor or city councilman of College Station.

The court filed findings of fact and conclusions of law and found, among other things, that all of the defendant employees are agents or appointees of the State within the meaning of Section 33, and the defendant employees serving as mayor and councilmen of College Station hold offices under the State within the meaning of Section 33. The Court further concluded that the phrase, "officer, agent or appointee" and the phrase "other office or position of honor, trust, or profit," as used in Section 33 are each inclusive of the other and have the same scope in law. And the court found that all but one of the defendants, D. A. Anderson, are paid by warrant drawn by the Comptroller upon the Treasury, and that Anderson is paid from funds granted to the Texas Forest Service by the Federal Government and appropriated to the Texas Forest Service by the Legislature. The court found, finally, that a potential conflict existed between the services of the defendant employees as A & M employees and as councilmen, and that if their University salaries were discontinued, then they would resign as councilmen.

Before trial, the City of College Station filed its Petition in Intervention and in response both Boyett and the Comptroller filed motions to strike, which were overruled by the court, that ruling being a basis for one of the points asserted here.

Boyett, though prevailing in the main, undertook the role of appellant. The City and the defendant A & M employees challenged Boyett's right to be appellant, and

filed a motion in this Court to dismiss Boyett as appellant and insert him as appellee, this motion being overruled by this Court.

Boyett, by his first point of error, complains that the court erred in overruling his motion to strike City's Petition in Intervention. The Comptroller by a crosspoint, also claims that the court erred in overruling his motion to strike the City's Petition in Intervention.

Boyett and the Comptroller argue that the motion to strike should have been sustained because the City had no justiciable interest in the litigation, and because the City in intervening was spending municipal funds for purposes prohibited by Section 52 of Article III of the Texas Constitution.

We find it unnecessary to decide this point, since we believe that Boyett and the Comptroller acquiesced in the claimed error by not filing a motion for new trial pursuant to Rule 325, Texas Rules of Civil Procedure. Rule 325 provides:

> "In cases of motions for continuance, or for change of venue, *or other preliminary motions made and filed in the progress of the cause*, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; and the judge may recite in his order disposing of the motion for new trial the grounds of such ruling. Nothing in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule nor in instances of newly discovered evidence, misconduct, fraud or the like." (Emphasis added.)

We have no difficulty in deciding that a "motion to strike" an intervention is a "preliminary motion made and filed in the progress of the cause" within the meaning of Rule 325. To preserve the claimed error, it was necessary to file a motion for new trial. City of Fort Worth v. Hill, 306 S.W.2d 817 (Tex.Civ.App.1957, error ref.

n. r. e.), First National Life Insurance v. Herring, 318 S.W.2d 119 (Tex.Civ.App. 1958, no writ), Fyke v. Fyke, 442 S.W.2d 764 (Tex.Civ.App.1969, no writ). See also City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746 (Tex.1956).

■ Boyett's next point asserts that the court erred in holding that Section 33 applied only to funds drawn out of the Treasury and does not prohibit payment from other sources, as in the case of D. A. Anderson. The applicable portion of Section 33 provides as follows:

> "The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust, or profit, under this State, except as prescribed in this Constitution."

We hold that Section 33 prohibits the payment of Anderson's salary from "local funds" when he is serving concurrently as a councilman of College Station. Section 33 prohibits "the Accounting Officers of this State" from drawing or paying warrants upon the Treasury to certain specified classes of persons.

■ At the time of the Constitution of 1876 all State funds were deposited in the Treasury and paid out upon warrants of the Comptroller. Subsequently, the State Depository Board was created and authorized to deposit State funds in private banks. The term "Treasury" is commonly thought to refer not just to funds in a particular vault belonging to the Treasurer, but more generally to funds on deposit in the various depository banks to the credit of the Treasurer. See People v. McKinney, 10 Mich. 54 (1862), Bennett v. City of La Grange, 153 Ga. 428, 112 S.E. 482 (Ga.1922). We construe Section 33 to apply to all funds belonging to the State of Texas, not just to those funds held in the immediate possession of the State Treasurer.

The City and the defendant employees complain by appropriate points of the holding of the court that the defendant employees as members of the faculty and staff of Texas A & M were agents or appointees of the State within the meaning of Section 33. The City also complains of the conclusion of the court that the phrase "agent, officer or appointee" and the phrase "other office or position of honor, trust, or profit" as used in Section 33 are each inclusive of the other and have the same scope in law.

· We overrule these points.

■ A member of the faculty or staff of Texas A & M University is an "agent or appointee" of this State. The faculty or staff of A & M are agents of the Board of Directors of the University who in turn are officers of the State exercising certain functions of State government. Attorney General's Opinion, C. M. Cureton, Sept. 22, 1913.

■ We find no conflict between the court's conclusion that defendant employees are "agents" and "appointees" under Section 33 and the conclusion that the phrase "agent, officer or appointee" and the phrase "other office or position of honor, trust, or profit" as used in Section 33 are inclusive of the other and have the same scope in law. Section 33 provides that persons who are serving as "agent, officer or appointee" are precluded from receiving salaries from the State if they hold " * * * at the same time any *other* office or position of honor, trust, or profit, under this State * * *" (Emphasis added) The plain meaning of this language is that all persons who serve as "agent, officer or appointee" hold an "office or position of honor, trust, or profit." They must hold one "office or position of honor, trust, or profit" in order that they may at the same time hold *"any other* office or position of honor, trust, or profit."

The City and the defendant employees by further points of error claim that Section 33 as construed and applied, violates the

14th and "possibly" the 1st Amendment to the Constitution of the United States. Specifically, the City claims that Section 33, as construed and applied, trespasses upon the right to seek and hold public office, the right to vote and be represented through nondiscriminatory candidacy, and the right of voters to full representation. The City asserts further that Section 33, as construed and applied, discriminates between State employees and other persons. The City says also that the court's construction of Section 33 discriminatees between classes of State employees, and, finally, denies the right of the citizens of College Station to cast an effective vote.

■ None of these alleged infringements concerns any right of the City. The City is a subdivision of the State and, as such, does not have rights which are protected under the First and Fourteenth Amendments from State action. City of Trenton v. New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1922), Williams v. Mayor and City Council of City of Baltimore, 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015 (1932); and City of Newark v. New Jersey, 262 U.S. 192, 43 S.Ct. 539, 67 L.Ed. 943 (1922). Each of the alleged infringements of Section 33 concerns the rights of someone other than the City, and the City cannot litigate the constitutional rights of others. Com. of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1922).

■ The defendant employees maintain that Section 33 is invalid under the equal protection clause of the 14th Amendment because it deprives voters of the right to full representation, it denies the right to run for public office, and it arbitrarily discriminates between State employees paid by warrant and those paid by local funds. The defendant employees say further that Section 33 arbitrarily discriminates between State employees who may also hold an elective office and those who may also hold an appointive office or position; and

that Section 33 denies the right to public office. We overrule these contentions.

There is no denial of equal protection if the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy. Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959).

We hold that the classification in Section 33 is neither capricious nor arbitrary, and that it is based upon reasonable policy. The purpose of Section 33 is to avoid the harm which may follow when State employees who serve on a merit basis become involved in the political process to the extent of holding an elective State office. It is a reasonable conclusion that campaigning for and holding an elective State office would interfere with the employee's time, energy and devotion to his official duties. And in this connection the court found that there existed a potential conflict between the services of the defendant employees to the Texas A & M system and as councilmen.

■ The defendant employees argue that the construction of Section 33 as denying them their salaries as State employees if they should concurrently hold an elective office under this State has the practical effect of requiring them as a condition of public office employment, to relinquish the right to run for elective office. This argument is answered by United Public Workers (CIO) v. Mitchell, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947). Mitchell concerned the constitutionality of the Hatch Act which among other things, prohibits classified Federal employees from taking any active part in political management or political campaigns. In sustaining the Hatch Act against the same constitutional objections which the defendant employees level against Section 33, the court concluded that neither the fundamental rights protected by the United States Constitution nor the 1st Amendment rights

are absolute, and that both must be balanced against the right of Congress to protect a democratic society against the supposed evil of political activity of classified government employees. There being no constitutional impediment to the exercise of this power by Congress, we believe that the States have the same right with respect to their employees.

 By point of error No. 4, the City complains that there was no evidence to support the finding of a potential conflict between the defendant employees to the Texas A & M University system and as elected members of the city council of College Station. We disagree. There was testimony from the City Manager, Ran Boswell, that he had telephoned the defendant employees when they were at the college on City business. Also in evidence is a memorandum from Anderson, the Mayor, one of the defendant employees, to the other members of the city council. In the memorandum, Anderson stated that he had been "taken to task," presumably by college officials, for spending official time on City matters in receiving telephone calls and visits to his office by the public. He continued, "To some extent this is true." Mayor Anderson then requested that no calls or visits be made to him during office hours.

By its points of error Nos. 5 and 6, the City complains of the failure of the trial court to make requested additional findings of fact and conclusions of law. The City, by way of discussion, does little more than restate the points and then urges this Court to reverse the judgment. Nowhere does the City attempt to demonstrate in what way it was harmed by the court's failure to make the additional findings and conclusions, and no authority is cited to support these points. We will not consider these points because they are not briefed. Tix v. Employers Casualty Co., 368 S.W.2d 105 (Tex.Civ.App.1963, no writ).

We reform that portion of the trial court's judgment holding that Section 33 applies only to funds drawn from the Treasury. We construe Section 33 to apply to all funds belonging to the State of Texas, whether or not held in immediate possession of the State Treasurer. As so reformed, the judgment of the trial court is affirmed.

Reformed, and as reformed, affirmed.