THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


October 20, 1972

Honorable Robert E. Johnson          Opinion No. M-1243
Executive Director
Texas Legislative Council            Re: Upon return to the Ford
P. O. Box 12128, Capitol Station         Foundation of the unex-
Austin, Texas   78711                    pended balance of a grant
                                         should the interest earned
                                         on the deposits be returned
                                         with the principal or re-
                                         tained by the grantee, the
Dear Mr. Johnson:                        Texas Legislative Council?

         In your recent opinion request, you provided us with
the following information:

         "In 1964 the Legislative Council received
    a grant of $88,000 from the Ford Foundation for
    partial support of a legislative intern program.
    The program is now terminated and the Ford Founda-
    tion has asked for a refund of the unexpended
    balance of the grant.

         "The balance in the internship account at
    this time is $10,183.21, consisting of $7,621.02
    remainder of the original grant and $2,562.29
    earned interest on deposits.

         "It is our intent to refund the grant balance
    to the foundation.  Our question is, should the
    full amount of $10,183.21 be forwarded to the
    Ford Foundation or should the interest earned on
    deposits be considered an administrative earning
    and retained by the Council?  If so, would it be
    proper to deposit the interest earned to the General
    Revenue Fund?"

         According to Black's Law Dictionary, "grant" means "to
bestow; to confer; upon someone other than the person or entity
which makes the grant."

         Under the terms of the Ford Foundation's grant to the
Texas Legislative Council "grant funds will be returned to the

-6088-

Foundation if these funds are not expended or committed for the purposes of the grant and within the period stated."

We view this grant as a gift which could have been expended in its entirety during the five-year period of the grant. The funds were given to the Legislative Council for the use and benefit of the Council in its legislative internship program and were deposited to the Council in a private account in a local bank. We do not find that this grant created a trust or that the Council acted as trustees of these funds, but rather the Council was the beneficiary of the grant and the interest derived from time deposits became the property of the beneficiary and did not, as in a trust, accrue to the principal.

Return of the unexpended grant funds plus interest earned on the funds is more than is required by the terms of the grant. Return of the unexpended funds and interest could be looked upon as an "investment" which is prohibited in grants of this type because such grants must be made for "charitable" purposes under the Tax Reform Act of 1969. Therefore we hold that only the unexpended balance of the grant funds, without the interest, should be returned to the Ford Foundation.

Article 2543d, Section 1, Vernon's Civil Statutes, provides:

"Section 1.  Interest received on account of time deposits of moneys in funds and accounts in the charge of the State Treasurer shall be allocated as follows:  To each constitutional fund there shall be credited the pro rata portion of the interest received due to such fund.  The remainder of the interest received, with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments, shall be credited to the General Revenue Fund.  The interest received shall be allocated on a monthly basis."

We are of the opinion that the interest earned on the grant funds should be deposited to the credit of the General Revenue Fund because the interest actually belongs to the State, although the State Treasurer was only constructively and not directly "in charge" of the account which earned the interest, under the holding in Boyett v. Calvert, 467 S.W.2d 205, 209 (Tex.Civ.App. 1971, reh.den.).

### S U M M A R Y

The unexpended balance of the Ford Foundation grant must be returned to the Foundation. The interest earned on the grant funds must be deposited to the General Revenue Fund under Article 2543d, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James Maxwell
Jim Swearingen
Lewis Jones
Linward Shivers

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant