

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 28, 1972

Hon. Bill T. Swanson, Chairman
Oil, Gas, and Mining Committee
House of Representatives
State Capitol Building
Austin, Texas 78711

Opinion No. M- 1194

Re: Whether office holders, such as judges, may simultaneously hold office on the boards of regents of State institutions.

Dear Representative Swanson:

　　　　Your recent letter requesting the opinion of this office concerning the referenced matter states as follows:

　　　　"As chairman of the Oil and Gas Committee, I respectfully request an opinion from your office in regard to office holders, such as judges, also holding office on the Board of Regents of State institutions. I personally feel that this is in conflict with the State constitution, however, your office may clarify same."

　　　　Section 33 of Article XVI of the Constitution of Texas, as amended in 1967, provides, in pertinent part, as follows:

　　　　"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust, or profit, under this State, except as prescribed in this Constitution. . . It is further provided, until September 1, 1969, and thereafter only if

> authorized by the Legislature by general law
> under such restrictions and limitations as the
> Legislature may prescribe, that a <u>non-elective</u>
> State officer or employee may hold other <u>non-</u>
> <u>elective</u> offices or positions of honor, trust,
> or profit under this State or the United States,
> if the other offices or positions are of benefit
> to the State of Texas or are required by State
> or federal law, and there is no conflict with
> the original office or position for which he
> receives salary or compensation. . . ." (emphasis
> added.)

Pursuant to the authorization contained in Section 33, as amended, the Legislature enacted Article 6252-9a, Vernon's Civil Statutes, which, in substance, allows a non-elective State officer to hold another non-elective State or federal office when such dual office holding is of benefit to the State of Texas and is not incompatible with the original office held.

Section 40 of Article XVI of the Constitution of Texas provides, in pertinent part, that:

> "No person shall hold or exercise at the
> same time, more than one Civil Office of emolu-
> ment. . . ."

For purposes of your opinion request, we are assuming that the "judges" to whom you refer are elected officials and that they are paid their salaries by the State of Texas. We further assume that the members of the boards of regents to whom you refer receive no compensation from the State for their services as regents.

In accordance with the hypothetical set of facts set forth in the preceding paragraph, Section 40, supra, is not applicable to your opinion request, inasmuch as a non-salaried regent does not hold a "civil office of emolument"

within the meaning of that Section. See <u>Whithead v. Julian</u>, 476 S.W.2d 844 (Tex.Sup.1972); Attorney General's Opinions Nos. M-409 (1969) and and M-842 (1971).

Further, neither the proviso to the 1967 amendment to Section 33, supra, nor Article 6252-9a is applicable to your request, as both of those provisions apply only to one holding two <u>non-elective</u> positions; we reiterate that we are assuming that the "judges" to whom you refer hold elective office.

Thus, the only constitutional provision that remains apposite to your request is the first sentence of Section 33, quoted supra. In accordance with that provision, you are advised that, in the event the elected, State-salaried judges to whom you refer are appointed to and accept a non-salaried position as members of the boards of regents of State institutions, they would not be entitled to receive any State compensation for the judicial positions they now hold. <u>Boyett v. Calvert</u>, 467 S.W.2d 205 (Tex.Civ.App. 1971, error ref. n.r.e.)

## S U M M A R Y

(1) Pursuant to Section 40 of Article XVI of the Constitution of Texas, the position of a non-salaried member of the board of regents of a State institution is not a "civil office of emolument" within the meaning of that Section.

(2) Pursuant to Section 33 of Article XVI of the Constitution of Texas, an elected, State-salaried judge may also hold the non-salaried office of regent of a State-supported institution, but if so, he may receive no compensation from the State for his position as judge.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
Jack Sparks
James Broadhurst
Houghton Brownlee

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant