

# TII E ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 24, 1972

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas  78701

Opinion No. M-1177

Re:  Validity, pursuant to Sub-
     section (d) of Section
     21.904, Texas Education
     Code, of proposed regulation
     of independent school dis-
     trict forbidding its em-
     ployees from holding any
     other position of honor,
     trust or profit under the
     State of Texas or any sub-
     division thereof.

Dear Dr. Edgar:

Your recent letter requesting the opinion of this of-
fice concerning the referenced matter states, in part, as follows:

"A board of trustees of an independent school
district of this State (Goliad) has proposed to
adopt a school district policy to read, in sub-
stance as follows:

"'An employee of the school district shall
not hold another office or position of honor,
trust or profit under the State of Texas or any
subdivision thereof.  The Board of Trustees
expects and requires each employee of the school
district to devote his (her) full working time,
except as otherwise provided in school policies,
to the school district without interference from
any other political subdivision of the State of
Texas.'

"The Board of trustees of the school district,
acting formally as a board, has moved that I re-
quest an opinion from the Office of the Attorney
General concerning the legality or propriety of
such proposed policy."

Section 40 of Article XVI of the Constitution of Texas
is not relevant to your request, inasmuch as an employee of a

-5752-

school district does not hold an "office of emolument" within the meaning of that Section. Attorney General's Opinion No. C-386 (1965).

Nor is Section 33 of Article XVI of the Constitution of Texas applicable to your request, inasmuch as we hold that employees of an independent school district (Section 1(c) of Article 695h, Vernon's Civil Statutes; Attorney General's Opinion No. O-7491 (1946); Muse v. Prescott School District, 349 S.W.2d 329, 330-32 (Ark.Sup. 1961); contra, Board of Education v. City of Louisville, 157 S.W.2d 337, 345 (Ky.Sup. 1941)), as opposed to employees of a state-supported university (Boyett v. Calvert, 467 S.W.2d 205 (Tex.Civ.App. 1971, error ref. n.r.e.); Talbott v. Public Service Commission, 163 S.W.2d 33, 36-37 (Ky.Sup. 1942)), are not State "officers" or "employees" within the purview of that Section.

Subsection (d) of Section 21.904, Texas Education Code, is the identical wording as that portion of Article 2922-21a, Vernon's Civil Statutes, its predecessor; it reads as follows:

"No school district, board of education, super-intendent, assistant superintendent, principal, or other administrator shall directly or indirectly coerce any teacher to refrain from participating in political affairs in his community, state or nation."

Therefore, you are advised that the proposed policy set forth in your letter, insofar as it attempts to proscribe school district employees' participation in political activities, is violative of Subsection (d) of Section 21.904, Texas Education Code, and of no force or effect.

## S U M M A R Y

A school district policy which prohibits a teacher from participating in political affairs is in contravention of Subsection (d) of Section 21.904, Texas Education Code, and is of no force or effect.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
Sig Aronson
James Hackney
Wardlow Lane

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant