

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 24, 1990

Honorable Carlos Valdez          Opinion No. JM-1165
Nueces County Attorney
Nueces County Courthouse         Re: Whether consultant to
901 Leopard, Room 206            private corporation that con-
Corpus Christi, Texas  78401     tracts with the state re-
                                 ceives compensation "directly
                                 or indirectly" from state
                                 funds within article XVI,
                                 section 40, of the Texas
                                 Constitution (RQ-1872)

Dear Mr. Valdez:

You request advice about the application of article XVI, section 40, of the Texas Constitution to a consultant contract entered into by the mayor of Corpus Christi. You inform us that the mayor, working as an independent contractor, contracted with a private corporation that provides services to retarded people. Through contracts with either the State of Texas or with private individuals, the corporation receives revenues from the state or private individuals. These revenues are comingled and used to pay business expenses including fees paid to independent contractors such as the mayor.

You also state that the mayor was not an employee of the corporation. She never received a salary or any other benefit paid to employees, but was strictly a consultant who contracted on an hourly basis as needed. Earlier this year, she terminated her contract with the corporation.

Article XVI, section 40, of the Texas Constitution prohibits individuals from holding more than two civil offices of emolument, with certain exceptions. The provision that is relevant to your question, however, applies to state employees and certain other persons compensated directly or indirectly by the state. This provision states as follows:

>State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

Tex. Const. art. XVI, § 40.

You wish to know whether this language applies to an independent contractor who contracts with a private entity that receives part of its revenues under contract with the State of Texas. An individual who receives compensation "directly or indirectly from funds of the State of Texas . . . shall receive no salary" for serving as a member of the governing body of a city.

The present language of article XVI, section 40, was adopted in 1972. The amendment was proposed by Senate Joint Resolution 29 of the 62d Legislative Session. S.J.R. 29, Acts 1971, 62d Leg., at 4133. The following portion of the title of the resolution describes the provision under consideration:

>permitting State employees or certain other individuals, who are not State officers, to serve as members of the governing body of school districts, cities, or towns, or other local governmental districts without forfeiting their salary for their State employment.

This portion of the 1972 amendment was a response to Boyett v. Calvert, 467 S.W.2d 205 (Tex. Civ. App. - Austin 1971, writ ref'd n.r.e.), appeal dism'd, 405 U.S. 1035 (1972), which interpreted the text of article XVI, section 33, of the Texas Constitution that was repealed in 1972. See G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis (2d. 1977). Article XVI, section 33, formerly provided that the state would not pay salary or compensation to any agent, officer or appointee who held any other office or position of honor, trust, or profit under the state. See H.J.R. 27, Acts 1967, 60th

Leg., at 2989. Boyett v. Calvert held that employees of Texas A & M University could serve on a city council but could not receive a state salary from the university while doing so. The proposal which amended section 40 of article XVI in 1972 also amended section 33. See S.J.R. 29, Acts 1971, 62d Leg., at 4133. The effect of the 1972 amendment, as indicated by its title, was that persons compensated by state funds who held local offices could receive their state salary, but could not receive compensation for the local office.

The repealed version of article XVI, section 33, applied to public officers and employees at the state and local level. Viewed in this historical context, the provision that was designed to correct the Boyett v. Calvert result should apply within the same parameters as former section 33 -- that is, to public officers and employees. Article XVI, section 40, deals primarily with state and local officers. In this context, it is reasonable to read the provision you inquire about as applying to state and local employees, in contrast to officers, and not reaching an independent contractor who may provide goods or services in exchange for payment, some of which is traceable to state funds. The scope of the provision is reflected in its language:

> State employees or other individuals who receive [compensation from state funds] . . . who are not State officers . . . . (Emphasis added.)

Tex. Const. art. XVI, § 40. We construe the provision you inquire about as applying to state employees and employees of local government, for example, school teachers, but not to independent contractors. See Attorney General Opinion MW-230 (1980); see also Attorney General Opinion JM-118 (1983) (teacher paid from federal funds who received state retirement benefits).

A prior opinion of this office construing the repealed language of article XVI, section 33, supports our conclusion. Attorney General Opinion V-303 (1947) considered whether that provision barred an employee of the State Highway Department from working as an independent contractor for a school district. The relevant language of that constitutional provision read as follows:

> The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person for salary or compensation as agent, officer of appointee, who holds at the same time any other office or position of honor, trust, or profit under this State. . . .

H.J.R. 27, Acts 1967, 60th Leg., at 2989.

The opinion stated that a person holding an "office or position of honor, trust or profit" in a school district, would be holding it "under this State." An independent contractor, however, was not an agent or employee of the school district. See also Attorney General Opinion MW-129 (1980) (an independent contractor is not an employee for purposes of the Open Meetings Act). Thus, a predecessor of the relevant provision in article XVI, section 40, did not reach someone who was an independent contractor of a school district. The mayor of Corpus Christi was an independent contractor of a private corporation that contracts with the State of Texas -- a much more remote relationship with a public entity than that discussed in Attorney General Opinion V-303.

Finally, Attorney General Opinion JM-782 (1987) also lends support to our construction of this provision. It construed the language of article III, section 18, of the Texas Constitution that bars members of the legislature from being "interested, either directly or indirectly, in any contract with the State, or any county thereof, authorized by any law passed during the term for which he was elected." The legislator wished to be employed by a transit system that received state-administered federal grant funds. The transit system was operated by a nonprofit corporation established by political subdivisions to receive and administer federal grant funds under various federal programs. We stated that the legislator as employee of the transit system would have no direct or indirect interest in any contract with the state. His interest in any contract with the state was too remote to be an indirect interest under section 18 of article III.

Accordingly, article XVI, section 40, does not prohibit the mayor of Corpus Christi from contracting as an independent contractor with a private corporation that receives state funds under contract with the state. In view of our

answer to your first question, we need not answer your second question.

## S U M M A R Y

An individual who contracts as an independent contractor with a private corporation that receives state funds under contract with the state does not receive all or part of his "compensation either directly or indirectly from funds of the State of Texas" within article XVI, section 40, of the Texas Constitution. The individual may serve as a member of the governing body of a school district, city, town, or other local governmental district and receive salary for that service.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General