

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 21, 1995

Honorable Senfronia Thompson
Chair
Judicial Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-325

Re: Whether Education Code section 21.939 restricts school districts from using local funds to employ persons to monitor the activities of and supply information to legislators and state administrative agencies (RQ-680)

Dear Representative Thompson:

You ask whether section 21.939 of the Education Code "restrict[s] school districts from using local funds to employ persons to monitor the activities of and supply information to legislators and state administrative agencies." Section 21.939 provides in subsections (a) and (b):

> (a) A school district may not employ a person who is required to register under Chapter 305, Government Code,[1] by virtue of the person's activities on behalf of the school district.

> (b) A school district may not employ a person whose primary duties are activities related to proposed legislation or administrative action, including supplying information to members of the legislative or executive branch, obtaining information from members of the legislative or executive branch, monitoring the progress of proposed legislation or administrative action, or acting as an advocate or proponent of proposed legislation or administrative action.

---

[1] Chapter 305 of the Government Code generally requires persons who spend or are compensated in certain amounts "to communicate directly with one or more members of the legislative or executive branch to influence legislation or administrative action" to register with the Texas Ethics Commission. Gov't Code § 305.003(a). The registration requirement also applies to a person who "as part of his regular employment" makes such communications, even if he receives no compensation for such communications apart from his regular salary. *Id.* §§ 305.002, .003(b). The last sentence of section 305.003(b), however, exempts "an officer or employee of a political subdivision" from the registration requirements for persons compensated to make the communications in question. *Section* 305.026 (requiring filing of disclosure statement where "political subdivision" uses public funds for lobby activities, with exceptions) anticipates that public funds will be used by school districts and other local public entities for purposes of communicating with legislators. *See also* 1 T.A.C. chs. 30, 32 (Texas Ethics Commission rules relating to registration and regulation of lobbyists).

We assume that by "local funds" you mean local tax revenues of a district or other district funds from local sources. *See, e.g.*, Educ. Code §§ 16.252, .302. To the extent that the prohibitions set out in section 21.939, subsections (a) and (b) on school districts' "employing" lobbyists or persons whose "primary duties" relate to proposed legislation or administrative action, apply, it does not matter whether a district's funds used to compensate such persons are from local or other sources. There is simply no basis in the language of the section 21.939 prohibitions for finding an exception to their application where "local" funds of a district are used rather than other district funds for the "employment" in question.

You also ask: "[I]f Section 21.939 does prohibit the use of local funds to hire persons engaged in lobbying activities, does Section 21.939 violate the free speech and equal protection clauses of the constitutions of the United States and Texas." *See* U.S. Const. amends. I, XIV; Tex. Const. art. I, §§ 3, 3a, 8; *see also* Tex. Const. art. I, § 27 (right to petition). You suggest that "[i]nasmuch as other units of local government with elected bodies are permitted to employ such persons, it does not seem that the Legislature could permissibly restrict the rights of some, but not all, local governmental bodies." An agency or subdivision of the state, such as a school district, does not itself possess the personal rights of free speech and equal protection you allude to. *See Boyett v. Calvert*, 467 S.W.2d 205, 210 (Tex. Civ. App.--Austin 1971, writ ref'd n.r.e.) ("[A] subdivision of the State . . . does not have rights which are protected under the First and Fourteenth Amendments from State action"); *McGregor v. Clawson*, 506 S.W.2d 922, 929 (Tex. Civ. App.--Waco 1974, no writ) ("An agency created by a state for the better ordering of government has no privileges, immunities, or rights under the State and Federal Constitutions which it may invoke in opposition to the will of its creator.") *See also Williams v. Mayor and City Council*, 289 U.S. 36 (1933).

## S U M M A R Y

The prohibitions set out in subsections (a) and (b) of Education Code section 21.939 on school districts' "employing" lobbyists or persons whose "primary duties" relate to proposed legislation or administrative action, apply regardless of whether a district's funds used to compensate such persons are from local or other sources. A school district does not itself possess the personal rights of free speech and equal protection under the state or federal constitutions.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William M. Walker
Assistant Attorney General