**Reynaldo RUIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1102.**

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 30, 1976.

R. A. Vidaurri, Flores, Sanchez, De Anda & Vidaurri, McAllen, for appellant.

Oscar B. McInnis, Criminal Dist. Atty., Edinburg, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a declaratory judgment declaring that Reynaldo Ruiz was not qualified to be paid compensation as a Justice of the Peace while he also maintained employment as a public school teacher.

Reynaldo Ruiz was elected Justice of the Peace for Precinct 3, Place 2 in Hidalgo County, Texas, for a second term in November 1974 and has been discharging his duties as Justice of the Peace since January 1, 1975. Ruiz has also been employed in a teaching capacity as "Coordinator of the Cooperative Part Time Training Program" for the La Joya Independent School District, a job he has held since 1967. In September of 1975, the Hidalgo County Auditor and Treasurer, upon advice of the County Criminal District Attorney, began withholding the appellant's pay checks for his services as Justice of the Peace.

Ruiz then filed suit requesting the District Court to declare that he be found qualified to serve as both Justice of the Peace and as a school employee and that he be allowed to be paid for both positions.

After a full trial without a jury, the court rendered judgment holding that Ruiz was not disqualified from holding both positions but that he would have to waive his salary as Justice of the Peace to avoid violating Art. 16 § 40 of the Texas Constitution. Art. 16 § 40 of the Texas Constitution (amended 1972) prohibits the holding of more than one civil office of emolument.[1] The Article, however, makes an exception for office of Justice of the Peace but then prohibits them from accepting any salary while serving as a member of a governing body. The trial court apparently relying in part on the Attorney General's opinion (No. H–6) of February 7, 1975, which held that a teacher could serve as a county commissioner but could not draw any salary, held in this case that Ruiz, as a teacher, could serve as a Justice of the Peace but could not draw any salary for his services as a Justice of the Peace.

Ruiz brings forward on appeal, only one point of error. It is his contention that the trial court erred in holding that he was barred from receiving compensation for the office of Justice of the Peace under Art. 16 § 40 of the Texas Constitution because said article specifically exempts Justices of the Peace from this prohibition. The appellant Ruiz, states that the judgment is clearly based on a legal theory contrary to the expressed provisions of the Texas Constitution and is, therefore, erroneous. Addition-

---

1. § 40. Holding more than one office; exceptions; right to vote

"Sec. 40. No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public . . . unless otherwise specially provided herein . . . State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts;

provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies. It is further provided that a nonelective State officer may hold other nonelective offices under the State or the United States, if the other office is of benefit to the State of Texas or is required by the State or Federal law, and there is no conflict with the original office for which he receives salary or compensation. No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law."

ally, the appellant argues that there is absolutely no evidence to support a finding that the appellant is ineligible to serve as both a teacher and a Justice of the Peace based on any theory of law; specifically Art. 2 § 1 of the Constitution.

The State of Texas agrees with the appellant's contention that the trial court entered judgment on the wrong theory of law, but states that the appellant Ruiz is barred from serving as a Justice of the Peace under Art. 2 § 1 of the Constitution. (Separation of Powers) Art. 2 § 1 of the Constitution states that no member of any branch of the government shall exercise any power attached to any other branch of government.[2] The State's contention is further bolstered by another Attorney General's advisory opinion (No. 106), dated May 23, 1975. This Attorney General's opinion states that a public school teacher is barred from also holding office as a Justice of the Peace under Art. 2 § 1 of the Constitution. The State is, therefore, impliedly contending to this Court that the judgment of the trial court should be modified and then affirmed; that Ruiz is not only barred from receiving any compensation as Justice of the Peace but is also barred from serving as a Justice of the Peace.

■ Appellant Ruiz' contention that the trial court erred in holding him ineligible to receive compensation as a Justice of the Peace under Art. 16 § 40 is correct. In *Tilley v. Rogers*, 405 S.W.2d 220 (Tex.Civ. App.—Beaumont 1966, writ ref'd n. r. e.), the court held that a teacher is an employee and not an officer within the meaning of Art. 16 § 40 of the Constitution. Not only is Ruiz an employee and not an "officer", but Art. 16 § 40 specifically excepts Justices of the Peace from the dual emolument pro-

hibition of the article. Therefore, under the holding in the *Tilley* case and under the clear language of Art. 16 § 40 of the Texas Constitution, a Justice of the Peace is excepted from the prohibitions of the article. The judgment of the trial court is therefore in error.

There is, however, a broader question to be determined by this appeal. Although as previously stated, the appellant is not barred from employment and compensation as a teacher and as a Justice of the Peace under Article 16 § 40 of the Constitution, the question of whether or not he is barred from serving in both capacities under Art. 2 § 1 of the Constitution is also before this Court, i. e. the separation of powers doctrine.

■ A Justice of the Peace is a member of the judicial branch of the Texas government. Art. 5 § 1 of the Constitution states that the judicial power of the state is vested in the various courts including Justice of the Peace Courts. The only question that remains for resolution is whether or not a teacher as such, is a member of any other branch of the government so as to be precluded from exercising any powers as a Justice of the Peace under Article 2 § 1 of the Constitution, Separation of Powers.

In *Aldine Independent School District v. Standley*, 154 Tex. 547, 280 S.W.2d 578 (1955), it was stated that ". . . the determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the controls of others.*" See *Northwestern National Life Insurance Company v. Black*, 383 S.W.2d 806

---

2.            "ARTICLE II

THE POWERS OF GOVERNMENT
Sec.
  1. Division of powers; three separate departments; exercise of power properly attached to other departments.
  § 1. Division of powers; three separate departments; exercise of power properly attached to other departments

Section 1. The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

(Tex.Civ.App.—Texarkana 1964, writ ref'd n. r. e.); *City of Groves v. Ponder,* 303 S.W.2d 485 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r. e.). A public office is the ". . . right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." *Kimbrough v. Barnett,* 93 Tex. 301, 55 S.W. 120 (1900).

The appellant testified that his duties as a teacher were to train students to handle part-time jobs in the local community. He stated he was a full time employee of the school district under a continuing contract with the school district wherein his employment is subject to annual renewal by the school district.

Ruiz stated that he did not have any voice in establishing policy and his duties were only to carry out the policies set up by the local school board and school administrators. He testified that he was under the control of the vocational director who in turn was responsible to the school principal. The superintendent of schools for La Joya Independent School District testified that the policies and guidelines within which the appellant functions are set by the Texas Education Agency Vocational program through the local Board of Trustees and the school administration. He also stated that he classified the appellant as a teacher and not as an officer and confirmed that Ruiz did not exercise any discretion in the function of his duties.

As the testimony of the witnesses indicates, the appellant Ruiz, was not responsible for the execution of any laws of the State (Executive Branch of government). No sovereign function of government was conferred upon him for the benefit of others, largely independent of the controls of others. Ruiz is simply a salaried employee of the State of Texas. To state that Ruiz, as a teacher, performs the functions of the Executive Branch of our government, or of any branch of the government, is not supported by the evidence. No matter how highly we regard the profession of teaching, we cannot conclude that this teacher is exercising some of the sovereign powers of the State of Texas. See *Main v. Claremont Unified School District,* 161 Cal.App.2d 189, 326 P.2d 573 (1958); *Leymel v. Johnson,* 105 Cal.App. 694, 288 P. 858 (1930).

In *Leymel v. Johnson, supra,* it was stated that ". . . the teacher is not clothed with any of the sovereign powers of the three great divisions of government, the legislative, executive, or judicial, in performing the important duties of his employment." In *State v. Small,* 103 Ohio App. 214, 145 N.E.2d 200 (1956) and *Duncan v. Koustenis,* 260 Md. 98, 271 A.2d 547 (1970), it was held that a school teacher is an employee of the state and not a public official of the state. The only Texas case which even approached the question concerning the status of a teacher is *Boyett v. Calvert,* 467 S.W.2d 205 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.), *cert. denied,* 405 U.S. 1035, 92 S.Ct. 1316, 31 L.Ed.2d 577 (1971). In *Boyett,* it was held that a member of the faculty at Texas A & M University was an *agent* of the Board of Directors at the University who in turn were officers of the state. The opinion did not state, nor did it infer, that a teacher was a member of the executive branch of the government.

Finally, in considering the policy behind Article 2 § 1 of the Texas Constitution, the Texas Supreme Court stated in *State Board of Insurance v. Betts,* 158 Tex. 83, 308 S.W.2d 846 (1958); ". . . It is only when the functioning of the judicial process in a field constitutionally committed to the control of the courts is interfered with by the executive or legislative branches that a constitutional problem arises."

As we review the entire record, we find no evidence before the trial court that the appellant's activities and duties as a public school teacher interfered in any way with his constitutional duties as a Justice of the Peace.

■ We hold that there is no constitutional prohibition which prevents the appellant Reynaldo Ruiz from receiving a salary

and serving as both a public school teacher and a Justice of the Peace. The judgment of the trial court is reversed and judgment is here rendered that Reynaldo Ruiz receive all due compensation for his services as Justice of the Peace for Precinct 3, Place 2 in Hidalgo County, Texas.

REVERSED AND RENDERED.