

# The Attorney General of Texas

October 23, 1984

Clarification of LA-23

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James S. McGrath
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas    77704

Opinion No.   JM-213

Re: Whether one person may serve simultaneously as county court at law judge and trustee of an independent school district

Dear Mr. McGrath:

You state that a trustee of a local independent school district was recently appointed judge of a county court at law in Jefferson County. You ask:

> May a person serve both as a county court at law judge and as a member of the board of trustees of an independent school district?

This office has generally applied three tests to answer questions about dual office holding. These are as follows:

> 1. Does one person hold two offices in different branches of government in violation of article II, section 1 of the Texas Constitution?

> 2. Does one person hold two civil offices of emolument in violation of article XVI, section 40 of the Texas Constitution?

> 3. Does one person hold two offices with conflicting duties in violation of the common law doctrine of incompatibility?

In addition to these general restrictions, certain constitutional provisions prohibit specific officers from holding other public office or employment. See Tex. Const. art. III, §§18, 19 (legislators and other elected officials); art. IV, §6 (governor); art. XVI, §12 (federal, foreign, or sister state officers). None of these apply to the offices you inquire about. Statutory prohibitions against the holding of two offices may also apply in particular cases. See, e.g., Educ. Code §11.22(b); Attorney General Opinion MW-479 (1982) (eligibility for membership on State Board of Education).

We will deal with article XVI, section 40 first, because it is the most easily applied test of the three. It states as follows:

> Sec. 40. No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, [other exceptions for certain military officers] . . . and the officers and directors of soil and water conservation districts, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, [other exceptions for military officers] and officers of the State soil and water conservation districts, from holding at the same time any other office or position of honor, trust or profit, under this State or the United States, or from voting at any election, general, special or primary in this State when otherwise qualified. State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies. It is further provided that a nonelective State officer may hold other nonelective offices under the State or the United States, if the other office is of benefit to the State of Texas or is required by the State or Federal law, and there is no conflict with the original office for which he receives salary or compensation. No member of the Legislature of this State may hold any other office or position of profit under this State, or the United States, except as a notary public if qualified by law. (Emphasis added).

No compensation attaches to the office of school trustee. See Educ. Code §23.19(e); Attorney General Opinion WW-246 (1957). Thus, this office is not an office of emolument, and article XVI, section 40 does not bar a school trustee from holding a second office.

Article II, section 1 of the Texas Constitution provides for the separation of powers. This provision states as follows:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Article II, section 1 is more difficult to apply than article XVI, section 40. In Attorney General Opinions H-6 and H-7 (1973) this office construed article II, section 1 to prohibit a person who held office in one department of government from holding an office or employment in another branch of government. Letter Advisory No. 137 (1977), however, held article II, section 1 inapplicable to public employment and thus overruled the earlier opinions in part.

Attorney General Opinion H-6 cited but did not discuss cases from other states construing constitutional provisions comparable to article II, section 1. See State v. Burch, 80 N.E.2d 294 (Ind. 1948) (legislator may not perform "functions" of another department of government); Saint v. Allen, 126 So. 548 (La. 1930) (legislators may not "exercise power" of another department by serving as employee); Monaghan v. School District No. 1, Clackamas County, 315 P.2d 797 (Ore. 1957) (legislator may not perform "functions" of another department). Nor did the opinion analyze the reasoning of these cases or explain why they should control the interpretation of a Texas constitutional provision.

Texas case law on this subject is meager indeed. The court in Ruiz v. State, 540 S.W.2d 809 (Tex. Civ. App. - Corpus Christi 1976, no writ), following the lead of this office, treated article II, section 1 as an impediment to dual office holding. It did not, however, adopt in all respects the interpretation of this provision given in Attorney General Opinion H-6 and subsequent advisory documents. See Letter Advisory Nos. 137 (1977); 106 (1975). Ex parte Dailey, 246 S.W. 91 (Tex. Crim. App. 1922) includes the following dictum:

> If a district judge holding a commission as an officer in the National Guard was directed by the Governor to call out his company, or if he should find it necessary to do so upon his own initiative, it might be that judicial authority

> and executive authority would be lodged in the
> same individual.  Then a different question would
> arise.  That contingency is not presented in the
> case before us.  (Emphasis added).

246 S.W. at 93.  See also Attorney General Opinion O-1561 (1939)
(relying on article II, section 1 and article XVI, §33 to bar dual
office holding).

Attorney General Opinions H-6 and H-7 did not construe article
II, section 1 in the context of the entire constitution.  See Gragg v.
Cayuga Independent School District, 539 S.W.2d 861 (Tex. 1976), appeal
dismissed, 429 U.S. 973 (1976); Pierson v. State, 177 S.W.2d 975 (Tex.
Crim. App. 1944).  Thus, these opinions overlooked the differences in
language between article II, section 1, which refers to the exercise
of power, and provisions like sections 12 and 40 of article XVI, which
explicitly bar dual office holding.  Nor did the opinions consider
whether the terms of article II, section 1 might be defined by
reference to the constitutional provisions which entrust the
legislative, executive, and judicial power of the state to identified
officers and offices.  See Tex. Const. art. III, §1; art. IV, §1; art.
V, §1.

Finally, Attorney General Opinions H-6 and H-7 did not consider
whether the language of article II, section 1 might be construed as
applying only to state level offices, and not to offices of political
subdivisions.  Courts of other states have construed similar
provisions as prohibiting dual office holding on the state level only.
See Peterson v. Culpepper, 79 S.W. 783 (Ark. 1904); State v. Townsend,
79 S.W. 782 (Ark. 1904).  The application of article II, section 1 to
offices of political subdivisions requires the classification of each
such office as legislative, judicial or executive.  All local offices
cannot be so neatly categorized.  For example, Letter Advisory No. 112
(1975) characterized city councils as legislative bodies because they
exercise legislative powers.  City councils, however, are also
responsible for enforcing the laws and for hiring and firing city
employees.  V.T.C.S. arts. 1002, 1011, 1015.  Mayors of general law
cities, in some instances, may also be municipal judges.  V.T.C.S.
art. 1197.  The mayors and city councils of general law cities have
held these diverse powers since at least 1875.  See Acts 1875, 14th
Leg. 2d Sess., ch. C., at 113.  The legislature which enacted these
statutes did not believe that article II, section 1 prevented it from
allocating legislative, executive, and judicial powers to a mayor.
Statutes enacted near the time that the Constitution was adopted carry
great weight in construing the Constitution.  Hill County v. Sheppard,
178 S.W.2d 261 (Tex. 1944).  See also Educ. Code §§23.25-23.31 (powers
of school trustees); Acts 1905, 29th Leg., ch. 124, §42, at 274; Acts
1879, 16th Leg., ch. LXVII, at 76.

You correctly point out that Letter Advisory No. 23 (1973) holds that article II, section 1 bars a school trustee from also being a judge. Since many problems of interpretation surround article II, section 1 in its characterization as a bar to dual office holding, however, we are reluctant to rely upon it or upon Letter Advisory No. 23 (1973) as dispositive of your question.

Neither do we need to address here whether the common law doctrine of incompatibility controls in this case, since we believe there is a statutory bar to this particular instance of dual office holding. Article V, section 1-a(6)A of the Texas Constitution provides that any judge of a county court at law may be removed from office for

> willful or persistent conduct, which is clearly inconsistent with the proper performance of his said duties or casts public discredit upon the judiciary or administration of justice.

The statute implementing these provisions defines the prohibited conduct to include willful violation of a provision of the Code of Judicial Conduct. V.T.C.S. art. 5966a, §6B. The Code of Judicial Conduct includes the following provision:

> Extra-judicial Appointments. A judge should not accept appointment to a governmental committee, commission, or other position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system, or the administration of justice. A judge, however, may represent his country, state, or locality on ceremonial occasions or in connection with historical, educational, and cultural activities.

Canon 5(G). We believe this provision, read together with article 5966a, bars a county court at law judge from serving as a school trustee.

## S U M M A R Y

> Article XVI, section 40 does not bar one person from serving as county court at law judge and a school trustee in a district in the same county. Article 5966a, section 6B, bars a county court at law judge from serving as a school trustee. It is unnecessary to decide whether article II, section

1 of the Texas Constitution or the common law doctrine of incompatibility bars this case of dual office holding.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton