

# THE ATTORNEY GENERAL
## OF TEXAS

February 22, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe Warner Bell
Trinity County Attorney
P. O. Box 979
Groveton, Texas 75845

Opinion No. JM-862

Re: Whether a school dis-
trict employee may be com-
pensated for serving as an
election clerk, and related
questions (RQ-1310)

Dear Mr. Bell:

You request advice on the following questions:

> (1) May an Independent School District
> school employee receive compensation for
> work done as an election clerk on a day off
> from school employment?

> (2) May an employee of a County Road and
> Bridge Department also serve part-time as a
> city police officer? May he be compensated
> for both offices?

You advise us that the off-duty school employee
served as a clerk at a constitutional amendment election
and was compensated by the county. We note that a school
employee is prohibited from serving as an election clerk
at a contested election for a school district trustee
position. See Elec. Code §32.054.

Attorney General Opinion JM-485 (1986) addressed the
matter of the state constitutional prohibition against
dual office holding as follows:

> The prohibition in the Texas Constitution
> against dual office holding prevents one
> person from holding more than one 'civil
> office of emolument' at one time. Tex.
> Const. art. XVI, §40. The courts have held
> that a person holds a 'civil office' for
> purposes of that provision if he exercises
> any sovereign function of government for the

benefit of the public and is largely independent of others' control. <u>Ruiz v. State</u>, 540 S.W.2d 809, 811 (Tex. Civ. App. - Corpus Christi 1976, no writ); <u>Tilley v. Rogers</u>, 405 S.W.2d 220, 224 (Tex. Civ. App. - Beaumont 1966, writ ref'd n.r.e.); <u>Aldine Independent School District v. Standley</u>, 280 S.W.2d 578, 583 (Tex. 1955).

While you do not inform us of the duties of the person who is the subject of your first inquiry the question posed reflects that the individual is an <u>employee</u> of the school district. It has been held that a teacher is an employee and not an officer within the meaning of section 40 of article XVI of the Texas Constitution. <u>Ruiz v. State</u>, 540 S.W.2d 809 (Tex. Civ. App. - Corpus Christi 1976, no writ). Nor does an election clerk possess independent authority. His duties and working hours as an election clerk are determined by the presiding judge of the election. Elec. Code §§32.071, 32.072. Because neither a teacher nor an election clerk is an "officer," the off-duty school employee does not violate the dual office prohibition by serving as a clerk at a constitutional amendment election.

You express concern that Attorney General Opinions MW-230 (1980) and JM-118 (1983) cast doubt on whether a school employee may be compensated for serving as an election clerk.

The factual background in your inquiry is distinguishable from the circumstances which led to the question addressed in those opinions. In Attorney General Opinions JM-118 and MW-230 it was found that public school teachers receiving compensation from state funds might serve as members of a city council only if they receive no salary for service on the city council. The prohibition against compensating the school teachers for service on the city council was based on that portion of article XVI, section 40 of the Texas Constitution which provides as follows:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other

individuals shall receive no salary for
serving as members of such governing bodies.

Since an election clerk is not a member of the
governing body of a school district, city, town or other
governmental body, a school employee is not prohibited
from receiving compensation for duties performed as a
clerk at a constitutional amendment election.

The common law doctrine of incompatibility prevents
one person from holding two positions if the duties are
inconsistent or in conflict or if one position is
subordinate to another. Attorney General Opinion JM-519
(1986). We are unable to find any inconsistency or
conflict in the duties of an election clerk at a constitu-
tional amendment election and those of an off-duty school
employee. Nor do we find that one position is subordinate
to the other. Inasmuch as we find no conflict in duties
here, we need not determine whether the doctrine of
incompatibility applies to two positions, where at least
one is not an "office."

You refer to the person who is the subject of your
second question as an "employee of the county road and
bridge department" and "a road worker." This identifica-
tion of his type of employment would negate any concern
that his position with the county would be defined as a
"civil office" so as to bring him within the constitution-
al prohibition of holding dual offices.

In Attorney General Opinion JM-485 it was found that
the common law doctrine of incompatibility does not pro-
hibit someone from serving simultaneously as a constable
and a jailer. The prohibition against one position being
subordinate to the other was addressed as follows:

> The common law doctrine of incompatibil-
> ity prohibits one person from occupying two
> offices when one office may 'thereby impose
> its policies on the other or subject it to
> control in some other way.' Attorney
> General Opinions JM-129, JM-133 (1984); see
> Thomas v. Abernathy County Line Independent
> School District, 290 S.W. 152 (Tex. Comm'n
> App. 1927, holding approved); State ex rel.
> Brennan v. Martin, 51 S.W.2d 815, 817 (Tex.
> Civ. App. - San Antonio 1932, no writ).

We find it unnecessary to delineate the duties of a
county road and bridge employee and a part-time police

officer in concluding that one of these positions of employment may not impose its policies on the other or subject it to control in some other way. Nor do we find that one position's duties are inconsistent or in conflict with the other.

An off-duty independent school district employee may receive compensation for services performed as a clerk at a constitutional amendment election. An employee of the county road and bridge department may serve as a part-time police officer and receive compensation from both positions.

## S U M M A R Y

An off-duty independent school district employee may receive compensation for services performed as a clerk at a constitutional amendment election. An employee of the county road and bridge department may serve as a part-time police officer and receive compensation for both positions.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General