COUNTY OF MAVERICK; Enriqueta Diaz Carpenter, County Judge; Enrique Ibarra, County Commissioner, Precinct 3; and Johnny Martinez, County Commissioner, Precinct 1, Appellants,

v.

Roberto RUIZ, County Commissioner, Precinct 4 and Guillermo Mancha, County Commissioner, Precinct 2, Appellees.

No. 04–94–00113–CV.

Court of Appeals of Texas, San Antonio.

Feb. 15, 1995.

---

Daniel W. Lanfear, Hubert W. Green, Green, McReynolds & Green, San Antonio, for appellants.

Claudio Heredia, Knickerbrocker, Cowan, Heredia & Jasso, P.C., Eagle Pass, Thomas H. Crofts, Jr., Crofts, Callaway & Jefferson, P.C., San Antonio, for appellees.

Before CHAPA, C.J., and STONE and HARDBERGER, JJ.

## OPINION

CHAPA, Chief Justice.

Appellants, Maverick County, the county judge, and certain Maverick county commissioners, appeal a summary judgment granted in favor of appellees, County Commissioners Roberto Ruiz and Guillermo Mancha. The cause of action arose when a majority of the Maverick County Commissioners Court withheld the salaries of the appellees, contending that the Texas Constitution prohibited appellees from receiving their salaries as county commissioners as long as they received state pay as school teachers. Motions for summary judgment were filed by both sides, and the trial court granted summary judgment to the appellees, ruling that the appellees were entitled to their commissioners' salaries.

The dispositive issues are whether the trial judge committed reversible error by (1) granting summary judgment to the appellees and (2) granting attorney fees to appellees.

This cause of action arose when the majority of the Maverick County Commissioners Court withheld the salaries of the two appellees, County Commissioners Robert Ruiz and Guillermo Mancha. Appellees brought suit under the Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. §§ 37.001 et seq. (Vernon 1986 & Supp.1995), for a declaration that the Texas Constitution did not authorize the commissioners court to withhold their salaries. Appellants sought a declaratory judgment that the constitution prohibited payment of commissioners' salaries to appellees while they were receiving teachers' pay from the state.

At issue is Article XVI, Section 40 of the Texas Constitution, which declares in pertinent part:

[1] No person shall hold or exercise at the same time, more than one civil office of *emolument, except that of* Justice of the Peace, *County Commissioner*, Notary Public and Postmaster, [national guard members and retired members of the United States armed services], and the officers and directors of soil and water conservation districts, unless otherwise specially provided herein.... [2] State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, *or other local governmental districts;* provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

TEX. CONST. art. XVI, § 40 (emphasis added). Sentence 1 was adopted in 1876. Sentence 2 was added by amendment in 1972.

 Constitutional construction guidelines include "the principle that constitutional provisions which restrict the right to hold public office should be strictly construed against ineligibility." *Brown v. Meyer,* 787 S.W.2d 42, 45 (Tex.1990); *Wentworth v. Mey-*

*er,* 839 S.W.2d 766, 767 (Tex.1992).[1] "There-fore, it follows that if a constitutional provision uncertain of meaning is susceptible of two reasonable interpretations, the least exclusionary must be utilized." *Id.* at 769 (Gonzalez, J., concurring). The construction guidelines further provide that "if different portions seem to conflict, the courts must harmonize them, if practicable, and must lean in favor of a construction which will render every word operative, rather than one which may make some words idle and nugatory." *Jones v. Williams,* 121 Tex. 94, 45 S.W.2d 130, 137 (1931). Moreover,

> [u]nder the doctrine of *ejusdem generis,* where specific and particular enumerations of persons or things are followed by general words in a constitutional provision, the general words are not to be construed in their widest meaning or extent, but are treated as limited and applying only to persons or things of the same kind or class as those expressly mentioned ... [in order] to prevent general words used loosely with specific terms from including things not intended.

*Dawkins v. Meyer,* 825 S.W.2d 444, 447 (Tex. 1992). "The language of the Constitution must be presumed to have been carefully selected," and, in construing the language, this court must "rely heavily on the literal text." *Edgewood Indep. Sch. Dist. v. Kirby,* 777 S.W.2d 391, 394–95 (Tex.1989).

■ General construction principles require that broad clauses are limited or controlled by restrictive ones when both exist. *Hammond v. City of Dallas,* 712 S.W.2d 496, 498 (Tex.1986). Where constitutional or statutory provisions are open to more than one construction or interpretation, they "will not be so construed or interpreted as to lead to absurd conclusions, great public inconvenience, or unjust discrimination, if any other construction or interpretation can reasonably

be indulged in...." *Cramer v. Sheppard,* 140 Tex. 271, 167 S.W.2d 147, 155 (1942).

"Emolument" has been defined as "profit from office, employment, or labor; compensation; fees or salary." *State ex rel. Todd v. Reeves,* 196 Wash. 145, 82 P.2d 173, 175 (1938), *quoted in Brown,* 787 S.W.2d at 45. Further, "construction of emoluments as including actual pecuniary gain rather than contingent benefit has been followed by many of the courts that have considered the question. *See, e.g., Bulgo v. Enomoto,* [50 Haw. 61] 430 P.2d 327 (Haw.1967)." *Brown,* 787 S.W.2d at 45.

The Texas Supreme Court has held that constitutional provisions which refer to both "districts" and "counties" are not synonymous. *See Little v. State,* 75 Tex. 616, 12 S.W. 965, 969 (1890). The only reasonable inference to be drawn from this construction is that the terms refer to two distinct and separate entities.

■ Considering all the above construction guidelines and applying the definitions to the constitutional provisions before us, we conclude that the trial court correctly construed the provisions to sustain the summary judgment on behalf of the appellees. Clearly, the definition and construction of "emoluments," along with the requirement for strict construction against ineligibility, the utilization of the least exclusionary interpretation, the requirement to render every word operative, the limitation or control by restrictive or specific provisions over broad or general provisions, and the restriction against a construction which leads to absurd conclusions or unjust discrimination sustain the trial court's ruling.

Moreover, the identical issue was presented to the court in *Ruiz v. State,* 540 S.W.2d 809 (Tex.Civ.App.—Corpus Christi 1976, no writ), except that the issue was whether a

---

1. This court has declared, "The Commissioners Court cannot attempt to restrict or abolish a constitutionally established office by refusing to reasonably compensate the holder of such office." *Vondy v. Commissioners Court of Uvalde County,* 714 S.W.2d 417, 422 (Tex.App.—San An-

tonio 1986, writ ref'd n.r.e.). In the instant case, the Maverick County Commissioners Court, by refusing to compensate some of its own members, likewise placed a restriction on the office of county commissioner.

Justice of the Peace who was a school teacher was ineligible to receive compensation under Article XVI, Section 40 of the Texas Constitution. The court stated:

> Appellant Ruiz' contention that the trial court erred in holding him ineligible to receive compensation as a Justice of the Peace under Art. 16 § 40 is correct. In *Tilley v. Rogers*, 405 S.W.2d 220 (Tex.Civ. App.—Beaumont 1966, writ ref'd n.r.e.), the court held that a teacher is an employee and not an officer within the meaning of Art. 16 § 40 of the Constitution. Not only is Ruiz an employee and not an "officer," but Art. 16 § 40 specifically excepts Justices of the Peace from the dual emolument prohibition of the article. Therefore, under the holding in the *Tilley* case and under the clear language of Art. 16 § 40 of the Texas Constitution, a Justice of the Peace is excepted from the prohibitions of the article. The judgment of the trial court is therefore in error.

*Ruiz*, 540 S.W.2d at 811. Appellees in this case also are school teachers who have been elected county commissioners. County commissioners likewise are specifically excepted from the prohibitions of the article in the same clause as Justices of the Peace.

■ Furthermore, considering all the construction guidelines and definitions hereinabove set out, we agree with the appellees that the term "other local governmental districts" does not include a county. In addition, had the legislature intended to include county commissioners in the prohibitions clause [2], it would have specifically named them, as the constitution's drafters had done almost one hundred years before in the exemption clause [1].

■ Appellants insist on the application of the separation of powers doctrine, contending that school teachers perform a legislative, judicial, or executive function that conflicts with their role as county commissioners. The court in *Ruiz* also considered this argument, and concluded:

> To state that Ruiz, as a teacher, performs the functions of the Executive Branch of our government, or of any branch of the government, is not supported by the evidence. No matter how highly we regard the profession of teaching, we cannot conclude that this teacher is exercising some of the sovereign powers of the State of Texas.

*Ruiz*, 540 S.W.2d at 812 (citations omitted).

We reject this argument.

■ In their third point of error, appellants argue that the trial court erred in granting attorney fees and costs against Maverick County because such fees are not recoverable against a governmental entity under the Uniform Declaratory Judgments Act. The Texas Supreme Court recently settled this issue. In upholding the award of attorney fees and costs against defendant school districts, the court held that "[w]e conclude that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the [Declaratory Judgments Act] necessarily waives governmental immunity for such awards." *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex.1994). Appellees properly brought this claim under the Act to contest the constitutionality of the Maverick County Commissioners Court's action withholding their salaries. We find *Leeper* controlling and therefore hold that the district court's award of attorney fees and costs against Maverick County was authorized by the Declaratory Judgments Act.

In their final point of error, appellants contend that the trial court erred in rendering judgment against the defendant county commissioners and county judge because the individuals named are immune from such liability in their capacities as elected public officials. *Leeper* is unclear as to whether the Declaratory Judgments Act waives immunity for governmental officials. The supreme court's decision is specific as to "governmental entities" and does not address the issue of individual immunity. However, we do not need to reach a determination on the applica-

**848**

bility of *Leeper*, because individual governmental officials enjoy a qualified common-law immunity from personal liability when performing discretionary duties in good faith within the scope of their authority. *Garcia v. Maverick County*, 850 S.W.2d 626, 628 (Tex.App.—San Antonio 1993, writ denied).

The judgment in the instant case is vague as to whether the fees were assessed against the judge and commissioners individually and severally, as well as against the county. Because the judgment's assessment is unclear, we will address the issue, as some confusion may exist as to whether the trial court intended to render a judgment against the judge and commissioners individually and severally.

■■■■ The appellees' pleadings address actions taken by the judge and commissioners in the scope of their official duties, and there are no allegations of bad faith on the part of the judge and commissioners. An official's discretionary actions require personal deliberation, decision, and judgment, unlike ministerial functions, which require the performance of a duty in which the actor has no choice. *Font v. Carr*, 867 S.W.2d 873, 879 (Tex.App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.). Here, the county officials were plainly performing a discretionary function within the scope of their duties. Further, we find no evidence in the record of bad faith on the part of the individual officials. In fact, because differing interpretations have historically been made of Article XVI, Section 40 of the Texas Constitution, *compare Ruiz v. State*, 540 S.W.2d 809 (Tex.App.—Corpus Christi 1976, no writ) *with* Op.Tex.Att'y Gen. No. H–6 (1973), it is apparent that the commissioners and judge acted in good faith. Therefore, because there is no evidence before the court to establish either that the commissioners and judge were acting outside the scope of their duties or that they acted in bad faith, we conclude that under the circumstances of this case, the award of attorney fees and costs against them individually is improper, and should have been assessed only against Maverick County.

To the extent that the trial court's judgment may be interpreted to render judgment against County Judge Enriqueta Diaz Carpenter and County Commissioners Enrique Ibarra and Johnny Martinez individually and severally, the judgment is reformed to assess attorney fees and costs only against Maverick County, and we affirm the trial court's judgment as reformed.