OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 6, 1999

The Honorable Irma Rangel
Chair, Committee on Higher Education
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0074

Re: Whether a public school employee may simultaneously serve as a county commissioner and draw a salary therefor   (RQ-0011)

The Honorable Delma Rios
Kleberg County Attorney
P.O. Box 1411
Kingsville, Texas 78364

Dear Representative Rangel and Ms. Rios:

You have requested our opinion as to whether a public school teacher or administrator may simultaneously serve as a county commissioner and draw a salary therefor. We conclude that she may do so.

Article XVI, section 40 of the Texas Constitution provides in relevant part: "No person shall hold or exercise at the same time, more than one civil office of emolument, except that of Justice of the Peace [or] County Commissioner . . . ." At first glance, it might appear that the above-quoted provision answers your question. In the first place, county commissioners are exempted from its prohibition. Furthermore, a public school teacher or administrator is not an "officer" for purposes of the amendment. *Ruiz v. State*, 540 S.W.2d 809, 811 (Tex. Civ. App.–Corpus Christi 1976, no writ).

Article XVI, section 40, however, by operation of the following proviso, is applicable to certain persons who are not "officers":

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

A public school teacher or administrator receives part of her compensation from state funds and is therefore subject to the proviso. Consequently, she may serve on a local governing board only if she renounces any compensation attached to the service. Tex. Att'y Gen. Op. No. JM-118 (1983). In *County of Maverick v. Ruiz*, 897 S.W.2d 843 (Tex. App.–San Antonio, 1995, no writ), however, the court held that a county did not constitute a "local governmental district" under the article XVI, section 40 proviso. As a result, the court declared, a teacher who serves as a county commissioner is not prohibited from receiving a salary for the latter position.

Ms. Rios also asks about the continuing validity of Attorney General Opinion H-6 (1973). In that opinion, this office addressed a situation identical to the one you pose: whether a public school or junior college instructor could validly serve as a county commissioner and receive the salary attached to the latter position. The opinion concluded, first, that, since a county commissioner was a member of the judicial branch of government, and a teacher a member of the executive branch, such service, in the absence of the newly-added "state employee" proviso, was barred by article II, section 1 of the Texas Constitution—the separation of powers provision. Because of the proviso, however, the individual at issue was permitted to serve as commissioner, but could not receive a salary for doing so. The opinion simply assumed without explicitly so finding that a county was a "local governmental district."

The implicit conclusion of Attorney General Opinion H-6—that a county is a "local governmental district"—has been rejected by *County of Maverick*. The explicit conclusion—that article II, section 1 ordinarily plays a role in dual-office-holding matters—has long been abandoned, both by the courts and by this office. *See Turner v. Trinity Indep. Sch. Dist.*, 700 S.W.2d 1 (Tex. App.–Houston [14th Dist.] 1983, no writ) (school trustee may also serve as justice of the peace); Tex. Att'y Gen. Op. No. JM-519 (1986); Tex. Att'y Gen. LO-92-004, LO-88-019. Ms. Rios's brief suggests that *County of Maverick* does not control because Kleberg County is not within the jurisdiction of the San Antonio Court of Appeals. While such an argument might be considered by a district court, the attorney general, in the opinion process, cannot ignore reported judicial interpretations of law from this state's appellate courts.

It is therefore our opinion that a public school teacher or administrator may simultaneously serve as a county commissioner without renouncing the salary attached to the latter position. Attorney General Opinion H-6 (1973) is overruled. We note, however, that article XVI, section 40 does not affirmatively authorize a county commissioner to hold a second salaried position; it merely exempts a commissioner from the prohibition applicable to other officers.

## S U M M A R Y

A public school teacher or administrator may simultaneously hold the office of county commissioner without renouncing the salary attached to the latter position. Attorney General Opinion H-6 (1973) is overruled.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General