OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 19, 2001

The Honorable J. E. "Buster" Brown
Chair, Committee on Natural Resources
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0391

Re:   Whether an individual employed by a company that receives all of its revenue from a contract with the State of Texas may be compensated as a director of a municipal utility district (RQ-0351-JC)

Dear Senator Brown:

You have requested our opinion as to whether an individual employed by a company that receives all of its revenue from a contract with the State of Texas may be compensated as a director of a municipal utility district. For the reasons set forth below, we conclude that such a person may be compensated for service on the board of a municipal utility district.

You explain that the individual in question is a director of a municipal utility district created under the provisions of article XVI, section 59 of the Texas Constitution, and chapter 54 of the Water Code. A municipal utility district is governed by a board of five directors. TEX. WATER CODE ANN. § 54.101 (Vernon 1972). Chapter 49 of the Water Code is applicable to municipal utility districts created under chapter 54 to the extent that the former's provisions do not directly conflict with any provision of the latter. *Id.* § 49.002(a) (Vernon 2000). A director of a municipal utility district is "entitled to receive reimbursement of actual expenses reasonably and necessarily incurred while engaging in activities on behalf of the district." *Id.* § 49.060(b). Furthermore, "[a] director is entitled to receive fees of office of not more than $100 a day for each day the director actually spends performing the duties of a director." *Id.* § 49.060(a). You relate that:

> The director in question . . . is employed by a company . . . that receives its revenue from a contract with the Texas Department of Criminal Justice. . . . The contract is awarded by public bid. The bid resulted in a three year contract that is renewed annually. The contract is re-bid by TDCJ every three years. The TDCJ [contract] is the only contract that the Company has. The Director is strictly an employee and owns no part or portion of the Company. . . . He receives compensation in the form of a salary from the Company.[1]

---

[1]Letter from Honorable J. E. "Buster" Brown, Chair, Senate Committee on Natural Resources, to Honorable

(continued...)

Article XVI, section 40 of the Texas Constitution provides, in relevant part:

> State employees *or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas* and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; *provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.*

TEX. CONST. art. XVI, § 40 (emphasis added). A municipal utility district is a "local governmental district." *But cf. County of Maverick v. Ruiz*, 897 S.W.2d 843, 847 (Tex. App.–San Antonio 1995, no writ) (county is not a "local governmental district" under article XVI, section 40 of Texas Constitution). This provision means that a person who receives his compensation from the state, either directly or indirectly, is entitled to serve as a member of a local governing body, such as a municipal utility district, *only* if he receives no salary for the latter position other than reimbursement for actual expenses. Tex. Att'y Gen. LO-95-001, LO-93-033. Subsection 49.060(a) of the Water Code authorizes the payment of fees beyond reimbursement for expenses to directors of a municipal utility district. Your question is whether the individual in question, who is compensated by a company whose only income derives from a state contract, may be said to be a person "who receives all or a part of his compensation either directly or indirectly from funds of the State of Texas." Request Letter, *supra* note 1, at 2.

The proviso of article XVI, section 40 is applicable to persons other than state employees. Teachers employed by an independent school district, employees of a district attorney, and employees of a junior college district are examples of individuals to whom the proviso applies. Their salaries as essentially local employees are supplemented from state funds. *See* Tex. Att'y Gen. Op. No. JM-118 (1983); Tex. Att'y Gen. LO-94-045, LO-90-106. The distinction that all these persons share, other than receiving part of their compensation from state funds, is that they are *public employees*. On the other hand, the individual of whom you inquire is not a public employee. Moreover, he does not receive his salary, either directly or indirectly, from funds of the state. Rather, he is compensated as an employee of a private employer that, as it happens, has contracted with the state. The proviso is no more applicable to such a person than it is to an employee of any other private company that receives state funds pursuant to a contract. The article XVI, section 40 proviso should not be construed to cast so wide a net. In order to fall within its ambit, we believe that an individual, in addition to receiving "all or part of his compensation" from the state, must also be reasonably classifiable as a *public employee*.

We conclude that an individual employed by a company that receives all of its revenue from a contract with the State of Texas may be compensated as a director of a municipal utility district.

---

[1](...continued)
John Cornyn, Texas Attorney General (Feb. 13, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

## S U M M A R Y

An individual employed by a company that receives all of its revenue from a contract with the State of Texas may be compensated as a director of a municipal utility district.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee