OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 19, 2002

The Honorable Florence Shapiro
Chair, Senate Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0577

Re: Whether an adjunct professor employed by a state university is a "schoolteacher" for purposes of article XVI, section 40 of the Texas Constitution (RQ-0564-JC)

Dear Senator Shapiro:

You have requested our opinion regarding a recent amendment to the "state employee" proviso to article XVI, section 40 of the Texas Constitution. Specifically, you ask whether the provision that permits a "schoolteacher" to receive a salary for serving as a member of the governing board of a local governmental district includes within its ambit instructors or professors employed by a state university. For the reasons set forth below, we conclude that it does not, and that as a result, a university professor may serve on the governing board of a local governmental district, but may not receive a salary for such service.

Article XVI, section 40 of the Texas Constitution prohibits the simultaneous holding of more than one "office of emolument." *See* TEX. CONST. art. XVI, § 40(a). Since 1972, it has also included a proviso that allows "[s]tate employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers" to serve "as members of the governing bodies of school districts, cities, towns, or other local governmental districts."[1] *Id.* § 40(b). The provision further states, however, that "[s]uch state employees or other individuals may not receive a salary for serving as members of such governing bodies." *Id.* In 2001, the voters adopted an amendment to the article XVI, section 40 proviso to permit certain persons to receive compensation for service as members of local governing boards. The proviso now states:

> (b) State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts. Such State employees

---

[1] A county has been held not to constitute a "local governmental district" within the meaning of article XVI, section 40 of the Texas Constitution. *County of Maverick v. Ruiz*, 897 S.W.2d 843, 847 (Tex. App.–San Antonio 1995, no writ); Tex. Att'y Gen. Op. No. JC-0074 (1999) at 2.

> or other individuals may not receive a salary for serving as members of such governing bodies, *except that a schoolteacher, retired schoolteacher, or retired school administrator may receive compensation for serving as a member of a governing body of a school district, city, town, or local governmental district, including a water district created under Section 59, Article XVI, or Section 52, Article III.*

*Id.* (emphasis added). You ask whether the term "schoolteacher" may be read to include an instructor or professor at a state university.[2]

We initially note that the construction of constitutional provisions is generally governed by the same rules as those governing the interpretation of statutes and codes. *See Booth v. Strippleman,* 61 Tex. 378 (Tex. 1884); *accord Rooms With A View, Inc. v. Private Nat'l Mortgage Ass'n, Inc.,* 7 S.W.3d 840, 844 (Tex. App.–Austin 1999, pet. denied); Tex. Att'y Gen. Op. No. JC-0043 (1999). The Code Construction Act provides that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998). The common meaning of "schoolteacher" is "a person who teaches in a school below the college level." AMERICAN HERITAGE DICTIONARY 1560 (4th ed. 2000). Furthermore, the Texas Education Code refers to instructors at the elementary and secondary level as "teacher[s]," while it denominates instructors at the college level as "faculty member[s]." *Compare* TEX. EDUC. CODE ANN. § 21.101 (Vernon 1996), *with id.* § 51.101. But the clearest example of what the legislature intended by adopting the resolution placing the amendment to article XVI, section 40 on the ballot is provided by the legislative history of the resolution.

"In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." TEX. GOV'T CODE ANN. § 312.005 (Vernon 1998). As introduced, House Joint Resolution 85 would have amended the constitutional provision to read, "except that a schoolteacher or retired schoolteacher may receive compensation for serving as a member of a governing body of a water district created under Section 59, Article XVI or Section 52, Article III." Tex. H.J. Res. 85, 77th Leg., R.S. (2001) (introduced version, section 1(b)). The ballot proposition included with the joint resolution, however, was quite different:

> SECTION 2. This proposed constitutional amendment shall be submitted to the voters at an election to be held November 6, 2001. The ballot shall be printed to provide for voting for or against the proposition: *"The constitutional amendment to allow* current and retired public school teachers and *college professors,* and retired public school administrators to receive compensation for serving on the governing bodies of school districts, cities, towns, or other local government districts."

Tex. H.J. Res. 85, 77th Leg., R.S. (2001) (introduced version, section 2) (emphasis added).

---

[2]Letter from Honorable Florence Shapiro, Chair, Senate Committee on State Affairs, to Honorable John Cornyn, Texas Attorney General (June 18, 2002) (on file with Opinion Committee).

The enrolled version of the resolution conforms to the amendment adopted by the voters on November 6, 2001. But section 2 of the resolution's enrolled version, which sets forth the required ballot language, differs greatly from that of the introduced version:

> SECTION 2. This proposed constitutional amendment shall be submitted to the voters at an election to be held November 6, 2001. The ballot shall be printed to provide for voting for or against the proposition: "The constitutional amendment to allow current and retired public school teachers and retired public school administrators to receive compensation for serving on the governing bodies of school districts, cities, towns, or other local governmental districts, including water districts."

Tex. H.J. Res. 85, 77th Leg., R.S. (2001) (enrolled version, section 2). The change in the ballot language was the result of an amendment to the resolution offered by Representative Fred Bosse and adopted by the House of Representatives on April 30, 2001. The amendment reads:

> Amend **HJR 85** as follows:
>
> (1) On page 2, strike lines 17 and 18 and substitute: "as members of such governing bodies, <u>except that a schoolteacher, retired schoolteacher, or retired school administrator may receive compensation for serving as a</u>".
>
> (2) On page 3, line 7, strike "and college professors,".
>
> (3) Amend the caption of the resolution to conform to the body of the resolution.

H.J. OF TEX., 77th Leg., R.S. 1666 (2001) (amendment by Representative Bosse made April 30, 2001 on the Floor of the House). In testimony, Representative Bosse confirmed the removal of the term "college professors" from the ballot language:

> REP. BOSSE: There was a discrepancy between the ballot language and the bill itself, and this narrows it down to assure that it only applies to schoolteachers, retired schoolteachers, and retired school administrators.

Debate on Tex. H.J. Res. 85 on the Floor of the House, 77th Leg., R.S. (Apr. 30, 2001) (tape available from House Video/Audio Department).

Finally, an analysis of proposed constitutional amendments by the House Research Organization, issued on August 13, 2001, contains the following reference to ballot proposition eleven:

> As filed, HJR 85 would have worded the ballot proposition to allow college professors, as well as school teachers, retired teachers, and retired school administrators, to receive pay for serving on a local government board. The House-approved version of HJR 85 would have limited the change to teachers serving on water district boards, but the Senate amended the proposal to include the governing boards of school districts, cities, towns, and other local governments as well.

HOUSE RESEARCH ORGANIZATION, TEX. HOUSE OF REPRESENTATIVES, FOCUS REPORT, CONSTITUTIONAL AMENDMENTS PROPOSED FOR NOVEMBER 2001 BALLOT 33-35 (Aug. 13, 2001) (analysis of Proposition 11, HJR 85). We conclude that the term "schoolteacher" as used in the amended version of article XVI, section 40 does not include instructors or professors employed by a state university. Accordingly, a university professor may serve on the governing board of a local governmental district, but may not receive a salary for such service.

## S U M M A R Y

The term "schoolteacher" in article XVI, section 40 of the Texas Constitution does not include instructors or professors employed by a state university. Thus, a university professor may serve on the governing board of a local governmental district, but may not receive a salary for such service.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DEMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee