

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 11, 2006

The Honorable Robert Duncan
Chair, Committee on State Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0393

Re: Whether a municipal chief of police may simultaneously serve as a trustee of an independent school district located within the geographical boundaries of the municipality (RQ-0368-GA)

Dear Senator Duncan:

You ask whether a municipal chief of police may simultaneously serve as a trustee of an independent school district located within the geographical boundaries of the municipality.[1]

Your question relates specifically to the Chief of Police of Hale Center, who was elected to membership on the Board of Trustees of the Hale Center Independent School District on May 7, 2005. The individual in question has not yet accepted his office as a member of the board. *See* Request Letter, *supra* note 1, at 1. A brief received from the attorney for the city indicates that the City of Hale Center is a Type A general-law municipality.[2] Such a municipality is governed by chapter 22 of the Local Government Code. TEX. LOC. GOV'T CODE ANN. § 22.001 (Vernon 1999). The governing body of a Type A general-law municipality "consists of a mayor and five aldermen." *Id.* § 22.031(b). "The mayor is the chief executive officer of the municipality" and is required to "perform the duties and exercise the powers prescribed by the governing body of the municipality." *Id.* § 22.042(a). You inform us that the chief of police is not an officer under section 22.071 of the Local Government Code, which authorizes a municipal governing body to establish additional

---

[1]*See* Letter from Honorable Robert Duncan, Chair, Senate Committee on State Affairs, to Honorable Greg Abbott, Attorney General of Texas (July 28, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Brief from Todd M. Hurd, Assistant City Attorney, City of Hale Center, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General of Texas (Sept. 22, 2005) (on file with Opinion Committee) [hereinafter Hurd Brief].

municipal offices.[3]  Request Letter, *supra* note 1, at 4.  A brief received from the City Attorney indicates that the chief of police "serves at the pleasure of the governing body." *See* Hurd Brief, *supra* note 2.

Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. A member of the board of trustees of an independent school district serves without compensation. TEX. EDUC. CODE ANN. § 11.061(d) (Vernon 1996).  Consequently, a school board trustee does not hold an "office of emolument," and article XVI, section 40 is not relevant to your question.

We must also consider the common-law doctrine of incompatibility, which has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0328 (2005) at 1.  The first two are not applicable here, because neither the chief of police nor the school board of trustees appoint or employ the other.  It is the third aspect of incompatibility – conflicting loyalties – that is implicated by your inquiry.  This doctrine was first promulgated by a Texas court in the 1927 case of *Thomas v. Abernathy County Line Independent School District*, wherein the court found the offices of school trustee and city alderman to be incompatible:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations . . . . If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

---

[3]Section 22.071 of the Local Government Code addresses "Other Municipal Officers" and provides:

> (a) In addition to the members of the governing body of the municipality, the other officers of the municipality are the secretary, treasurer, assessor and collector, municipal attorney, marshal, municipal engineer, and any other officers or agents authorized by the governing body.

> (b) The governing body by ordinance shall provide for the election or appointment of the officers provided by this section.

> (c) The governing body may confer on other municipal officers the powers and duties of an officer provided for by this section.

TEX. LOC. GOV'T CODE ANN. § 22.071 (Vernon 1999).

*Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted).

The clear message of *Thomas* is that, in order for conflicting loyalties incompatibility to be applicable to a particular situation, each position must constitute an "office." *See id. Accord* Tex. Att'y Gen Op. Nos. JC-0054 (1999) at 2, JM-1266 (1990) at 4; Tex. Att'y Gen. LO-96-148, at 2, LO-95-029, at 3, LO-93-027, at 2. In *Aldine Independent School District v. Standley*, the Texas Supreme Court held that

> the determining factor which distinguishes a public officer from an
> employee is whether any sovereign function of the government is
> conferred upon the individual to be exercised by him for the benefit
> of the public *largely independent of the control of others*.

*Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (emphasis added). *Aldine* held that an assessor-collector of taxes appointed by a school district board of trustees was not a "public officer," but rather a mere agent or employee of the board. *Id.* at 582-83. Although the assessor-collector exercised a "sovereign function of the government," he did so under the board's authority and direction. *Id.* Likewise, in *Dunbar v. Brazoria County*, the case relied upon in *Aldine*, the court held that a county road engineer was an employee rather than an officer. *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.–Galveston 1949, writ ref'd). *See also Harris County v. Schoenbacher*, 594 S.W.2d 106, 111 (Tex. Civ. App.–Houston [1st Dist.] 1979, writ ref'd n.r.e.) (chief probation officer, while exercising sovereign functions, does so under aegis and authority of juvenile board, and thus does not act "largely independent of the control of" others); *Ruiz v. State*, 540 S.W.2d 809, 811 (Tex. Civ. App.–Corpus Christi 1976, no writ) (public school teacher is "employee" rather than "officer").

Similarly, this office has indicated that an individual is ordinarily not a "public officer" if his actions are subject to control and his employment may be terminated at will by a superior body, because in such instances he cannot be said to exercise his authority "largely independent of the control of others." Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2. *See also* Tex. Att'y Gen. Op. Nos. JC-0054 (1999) (at-will city attorney is not an "officer"), JM-499 (1986) at 2 (chief appraiser is not an officer because his responsibilities are subject to review and control by the appraisal review board, and he serves at board's pleasure); Tex. Att'y Gen. LO-96-148 (assistant district attorney is not an "officer"). In another opinion, the attorney general said that "under ordinary circumstances, a municipal police officer performs his duties under the direction and control of others, and thus, does not hold an 'office.'" Tex. Att'y Gen. LO-93-027, at 2. *Accord* Tex. Att'y Gen. LO-95-048, at 2 (municipal police officer does not hold "office of emolument").[4]

---

[4]Attorney General Opinion JM-422 assumes, without specifically so finding, that an appointed municipal chief of police of a general-law city holds an office. *See* Tex. Att'y Gen. Op. No. JM-422 (1986) at 2. That conclusion is no longer valid in light of Attorney General Opinion DM-212, which concluded that a city police officer does not as a matter of law hold an office. *See* Tex. Att'y Gen. Op. No. DM-212 (1993) at 5.

In the situation you pose, the mayor is the chief executive officer of the city and the governing body "consists of a mayor and five aldermen." *See* TEX. LOC. GOV'T CODE ANN. §§ 22.042(a), .031(b) (Vernon 1999). As we have noted, the chief of police is not an officer under section 22.071 of the Local Government Code and, moreover, serves at the pleasure of the governing body. *See* Request Letter, *supra* note 1, at 4. Under the standard prescribed by *Aldine* and its progeny, as well as numerous attorney general opinions, the chief of police is an employee rather than an officer. His actions are subject to control and his employment may be terminated at will by the governing body, i.e., the board of aldermen. In such circumstances, he cannot be said to exercise his authority "largely independent of the control of others." Because he is an employee rather than an officer, he is not prohibited by the conflicting loyalties aspect of the common-law doctrine of incompatibility from simultaneously serving as a member of the board of trustees of an independent school district whose geographical jurisdiction overlaps with that of the city he serves as police officer.[5]

Because your second and third questions are premised upon a negative answer to your first question, we need not address them.

---

[5]We note that the facts presented here are distinguishable from those of Attorney General Opinion GA-0328. There, we said that a county sheriff may not simultaneously serve as a trustee of an independent school district located within an unincorporated area of the county in which the sheriff serves as the primary law enforcement official. *See* Tex. Att'y Gen. Op. No. GA-0328 (2005). A sheriff is an elected official who answers only to the voters. He is thus a "public officer" for purposes of article XVI, section 40 of the Texas Constitution and the conflicting loyalties aspect of the common-law doctrine of incompatibility. *Id.* at 1.

## S U M M A R Y

The Chief of Police of Hale Center, who serves at the pleasure of the Hale Center Board of Aldermen, is not prohibited by article XVI, section 40 of the Texas Constitution or the common-law doctrine of incompatibility from simultaneously serving as a member of the Board of Trustees of the Hale Center Independent School District.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee