DORA GORDON, PROSECUTRIX-RESPONDENT, v. STATE BOARD OF EDUCATION, DEFENDANT, AND BOARD OF EDUCATION OF THE CITY OF NEWARK IN THE COUNTY OF ESSEX, DEFENDANT-APPELLANT.

Argued October 20, 1944—Decided January 4, 1945.

For the prosecutrix-respondent, *Eisenberg & Spicer* (*Jerome C. Eisenberg*).

For the defendant-appellant, *Jacob Fox*.

The opinion of the court was delivered by

CASE, J. The case is distinguished from *Schulz* v. *State Board of Education*, 132 *N. J. L.* 345, decided this day, chiefly by the fact that respondent here held a license to teach issued by the Board of Examiners of the City of Newark in addition to the certificate of eligibility issued by the State Board of Education. Respondent had no appointment to a regular teaching position, but she was frequently employed as a substitute. By virtue of her employment as a substitute teacher for periods during the years 1937 to 1941, inclusive, and of the provisions of *R. S.* 18:13–16, as amended by chapter 43, *Pamph. L.* 1940, she seeks to establish a right to tenure as a regularly employed teacher with incidental benefits.

Each year respondent asked the superintendent of schools, in writing, for appointment to substitute work and was given that for which she asked; given it, not as a cover to escape the tenure statute, but in fact. Between the commencement of the academic year 1937-1938 and the close of the academic year 1940-1941 out of a total of 732 school days she was

employed, as a substitute teacher, for 640 days; 443 days as a substitute for permanent regular teachers under tenure and temporarily absent, and 197 days by assignment to classes for which there was no regular teacher. In all of those instances the employment (in the language of the stipulation) "was by assignment from the respondent's superintendent of schools on a day to day basis. In the case of each assignment appellant was designated as a 'substitute' teacher. No action was taken by the Board of Education of Newark in the County of Essex, or by any of the committees of the Board at any time with reference to appellant or with reference to the employment of appellant. For all of the work listed in Schedule 'A' appellant was paid by respondent on a *per diem* basis at the rate of $5 per 5½ hour day of actual employment." (The work listed in Schedule "A" embraced all of the work done by respondent.) During the first of the four years, the employment was in thirteen different schools; during the second, in six; during the third, in three; and during the fourth, in twenty-four. The academic year in Newark varies from 190 to 191 school days, thus making a maximum total for three years of 573 days. To give some detail we take the period of about two months from January 20th, 1938, to March 21st, 1938. During that time respondent was employed eight days at the Charlton School substituting for Evelyn Preston; one day at the Abington School substituting for Ruth Fox; five days at the Ridge School substituting for Lucille Zahn; two days at the Franklin School substituting for Helen Curtis; three days at the Franklin School substituting for Thelma Jones; three days at the Ridge School substituting for Lucille Zahn; two and one-half hours at the Summer Avenue School substituting for Gertrude Ort; two days at the Summer Avenue School substituting for Emily Mumford; three days, two hours, forty-five minutes at the Burnet School substituting for Mrs. Doyle. All of the substitutions were for permanent regular teachers, temporarily absent. Thus, during that period of two months, respondent taught twenty-seven full days and two half days out of a total teaching period of forty-two school days. The teaching was at six different schools and in numerous classes.

Upon the showing that during the four year period above mentioned her teaching time amounted to more than the equivalent of three academic years respondent claims to be entitled to tenure as a regular and permanent teacher with all the emoluments thereof and other incidents to that status. The claim is rested upon subdivision (c) of *R. S.* 18:13–16, as amended by chapter 43, *Pamph. L.* 1940, for the provisions of which see *Schulz* v. *State Board, supra.*

We have set out with some particularity enough of the stipulated facts to give warrant for our conclusion that the general scheme of substitute teachers set up by the Newark Board and the specific incidents relating to respondent were in entire good faith and in harmony with sound educational practices. But that element of the case need not be stressed because there is no charge of bad faith or manipulation.

Respondent, as we have seen, was hired as a substitute teacher and was paid as such at the rate of $5 for each 5½ hour day of actual employment. Her assignment was from day to day. The department was under no obligation to offer, or the respondent to accept, any of those assignments. Each day represented a separate contract. No such irregularity of engagement and no such opportunity to determine not to do the day's work rests with a regular teacher. The assignment might consist of merely hours and not a full day, or of a full day and a fraction, or it might be continued over a week or longer. That service was without seniority, without paid vacations and without the benefit of scheduled increases or increases of any character, without steady employment even at the *per diem* rate, and was in a diversity of schools, grades and classes. The maximum which respondent could earn each school year under her employment as substitute teacher on daily assignment was 191 times $5—$955. By the judgment below, and according to the contention here, she would not only be awarded tenure, in the sense of permanency and continuity in her employment, but her compensation would be increased to $1,500, the amount annually paid to teachers regularly and permanently employed in the grade where she substituted, and that increased compensation would be retroactive from the day when her tenure accrued,

with interest thereon, less the compensation actually paid to her as a substitute teacher; and respondent would, as of the day when her tenure accrued, have, with other beneficial incidents, seniority over teachers then regularly employed on full time work but whose three-year period antecedent to tenure had not yet expired. Having in mind the purpose, and the protective features, of the tenure statute, we think that the construction for which respondent contends leads to an absurdity which of itself supports a judicial study of the meaning of the statutory words. *State* v. *Clark*, 29 *N. J. L.* 96; *Walker* v. *Freeholders of Essex*, 82 *Id.* 348; *North Bergen Township* v. *Gough*, 107 *Id.* 424.

We are of the opinion that there should be a reversal upon the reasoning in the Schulz case and also for the reason next stated.

*R. S.* 18:6–20 provides that "No * * * teacher shall be appointed * * * nor the amount of his salary fixed * * * except by a majority vote of the whole number of members of the board." Rule No. 49 of the Newark Board of Education provides that "All appointments, promotions and transfers of teachers shall be made by the Board of Education * * *." The stipulated facts show that no action was taken by the board or any of its committees with reference to respondent or her employment. In the absence of subterfuge, concealment or evasion, and on the showing that the teachers for both the permanent and the probationary service are appointed by direct board action, we find that respondent, for this reason also, is not a teacher within the purview of *R. S.* 18:13–16. She performed teaching services for which she was entitled to be, and was, paid; but that did not bring her within the classification of a teacher. She was a substitute teacher, specifically so employed by the superintendent of schools in accordance with the practice.

The judgment below will be reversed.

*For affirmance*—DONGES, DILL, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 10.