

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 6, 2006

The Honorable Dan W. Heard
Calhoun County Criminal District Attorney
Post Office Box 1001
Port Lavaca, Texas 77979

Opinion No. GA-0394

Re: Whether a substitute teacher may receive compensation for serving as a member of a city council (RQ-0373-GA)

Dear Mr. Heard:

You ask whether a substitute teacher may receive compensation for serving as a member of a city council.[1]

Article XVI, section 40(a) of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." Subsection (b) thereof declares, in relevant part:

> (b) State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts. Such State employees or other individuals may not receive a salary for serving as members of such governing bodies, except that:
>
> (1) *a schoolteacher*, retired schoolteacher, or retired school administrator *may receive compensation for serving as a member of a* governing body of a school district, *city*, town, or local governmental district, including a water district created under Section 59, Article XVI, or Section 52, Article III . . . .

TEX. CONST. art. XVI, § 40(b) (emphasis added). Clearly, a member of a city council is a member of the governing body of a city. Under the exception of subsection (b)(1), a "schoolteacher" may serve as a member of a city council and receive a salary for doing so. Your question focuses on whether the term "schoolteacher" includes a substitute teacher.

---

[1]Letter from Honorable Dan W. Heard, Calhoun County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Aug. 5, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us).

The term "substitute teacher" is not defined in any Texas statute or regulation. It is referenced only once: For purposes of subchapter B of chapter 22 of the Education Code, "professional employee of a school district" includes, *inter alia*, a "teacher, including a substitute teacher." *See* TEX. EDUC. CODE ANN. § 22.051(a)(1) (Vernon Supp. 2005). Likewise, we have found no Texas case that construes the scope of the term "substitute teacher."[2]

We may assume that, there being no controlling legal definition of "schoolteacher," the voters were at least familiar with the popular meaning of the term. One dictionary defines "schoolteacher" as "a person who teaches in a school." *See* NEW OXFORD AMERICAN DICTIONARY 1526 (2001). Another defines the term as a "person who teaches in a school below the college level." *See* AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1560 (4th ed. 2000). These definitions are sufficient to include a substitute teacher in a public school.

The compensation provision regarding a "schoolteacher" was added by the voters to article XVI, section 40 in 2001. *See* Tex. H.R.J. Res. 85, 77th Leg., R.S., 2001 Tex. Gen. Laws 6723, 6723-24. The bill analysis provided by the House of Representatives states as follows:

> The Texas Constitution prohibits state employees or other individuals who are compensated directly or indirectly from state funds from receiving a salary for serving as a member of a governing body of a school district, city, town, or other local governmental district, including a water district. *This may be a disincentive to some individuals who are qualified to serve as a board member.* As proposed, House Joint Resolution 85 requires the submission to the voters of a constitutional amendment allowing current and retired school teachers and retired public school administrators to receive compensation for serving on the governing bodies of school districts, cities, towns, or other local governmental districts, including water districts.

HOUSE COMM. ON PUBLIC EDUCATION, BILL ANALYSIS, Tex. H.R.J. Res. 85, 77th Leg., R.S. (2001) (Enrolled Version) (emphasis added). We may conclude from this statement that one purpose of the amendment was to enlarge the group of persons available for service on local governmental bodies.

A subsequent publication of the Texas Legislative Council, provided to the voters prior to the general election, describes this and other arguments in favor of the amendment:

> 1. The proposed amendment would increase the pool of qualified candidates for local governing body positions. Active and retired

---

[2]The courts of a few other states have held that, for specific purposes, a substitute teacher is not a "teacher." *See Winkel v. Teachers Ret. Sys. of City of New York*, 149 N.Y.S.2d 443, 447 (N.Y. Sup. 1956) (substitute teacher is not a "teacher" within meaning of statute limiting membership in teachers' retirement system); *Gordon v. St. Bd. of Educ.*, 40 A.2d 670, 672 (N.J. App. 1945) (substitute teacher is not a "teacher" for purposes of tenure statute). Neither of these cases appear to be relevant to your inquiry.

teachers and retired school administrators would be more willing to contribute their time and talents to local governing bodies if they were compensated for their state and local service. An increase in the number of qualified candidates would improve the quality of the local governing bodies.

2. *Service on many governing bodies of local governmental districts is part-time. Active public school teachers would be as able to serve as would any other person who holds a full-time job.*

3. Many people who have been elected to serve on governing bodies of local governmental districts have been unaware of the prohibitions against dual officeholding and have had to repay the salary they received for service on the governing body.

4. Public school teachers and administrators may already receive salaries for serving as members of the commissioners court of a county and should be permitted to receive salaries for serving on other local governing bodies.

*See* TEXAS LEGISLATIVE COUNCIL, ANALYSES OF PROPOSED CONSTITUTIONAL AMENDMENTS, NOVEMBER 6, 2001 ELECTION, at 65 (Sept. 2001) (emphasis added). The voters who adopted the referenced amendment to article XVI, section 40 were presumably influenced by the above-referenced factors. None of the arguments advanced argue for the exclusion of substitute teachers from the amendment. Furthermore, the second argument referenced above, that an active teacher would be as able to serve as would any other person who holds a full-time job, weighs particularly in favor of including substitute teachers within the category of "schoolteachers." Substitute teachers do not in all cases hold full-time jobs. They would be more likely than contract teachers to have the additional time necessary for attending to service on a local governing board.

Both the popular definitions of the term "schoolteacher" and the information prepared by the Legislative Council indicate that the voters who adopted the amendment favored a broad and encompassing definition of the term, one that is broad enough to include a substitute teacher within its ambit. For these reasons, we conclude that the term "schoolteacher" as used in subsection (b)(1) of article XVI, section 40 of the Texas Constitution includes a substitute teacher. As a result, a substitute teacher may receive compensation for serving as a member of a city council.[3]

---

[3]We note that you raise, although you do not ask about, the common-law doctrine of incompatibility. That doctrine has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. GA-0348 (2005) at 1. The first two are not applicable because neither a substitute teacher nor a member of a city council appoints or employs the other. As for the third aspect—conflicting loyalties—it does not apply unless both positions constitute "offices." *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted); Tex. Att'y Gen. Op. Nos. JC-0054 (1999) at 2, JM-1266 (1990) at 4. Although a member of a city council, an elected official, holds an office, a substitute teacher does not. *See Ruiz v. State*, 540 S.W.2d 809, 811 (Tex. Civ. App.–Corpus Christi 1976, no writ) (public school teacher is an "employee" rather than an "officer").

## S U M M A R Y

A substitute teacher may receive compensation for serving as a member of a city council.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee